ΓHOMAS DIXON & wife *vs.* FITZHENRY HOMER & another.

Nɔ allowance can justly be made to a trustee, by way of commission, on his assuming the trust. But he may be allowed, as a compensation for his services, a reasonable commission on the net income of the real and personal property which he holds in trust, after he has collected such income.

APPEAL from a decree of the judge of probate.

By the will of Benjamin P. Homer, the appellees, F. Homer and N. P. Russell, were appointed trustees of Mary Dixon,

one of the appellants. (See *ante*, p. 196.) Said trustees, in May 1839, presented to the judge of probate their first account, in which they charged themselves with the personal property described in an inventory, and appraised at $ 59,146 ; and with money received, to the amount of $ 1486·02 ; in the whole, $ 74,097·02. They also claimed, " for their commissions, as allowed by said will, on the amount of the persona. estate committed to their trust—appraised value, $ 59,146, and since received by executor, $ 6000, at 2½ per cent.—$ 1628·65. For their commissions on income collected, $ 8861·02, at 5 per cent. —$ 443·05." In September 1839, the judge of probate, after notice had been given to all parties interested, passed a decree allowing said account.

The appellants, in their reasons of appeal, objected to the first charge of commissions, " as not justified or allowed by said will, or by any law or usage ; " the trustees not having rendered any services, for which such commissions could be properly charged.

The clause in the will, on which the appellees relied, was in these words : " I direct that, in lieu of the compensation allowed by the revised statutes of this commonwealth, the said executors shall be entitled to a commission of two and a half per centum, (as well for their services in capacity of executors as of trustees,) if they will accept the same ; and if not, then to such compensation over and above the legal allowance, as the judge of probate shall think reasonable." F. Homer and P. S. Shelton were appointed executors of said will ; but Homer resigned his trust as executor, after having joined with Shelton in rendering a first account of their administration.

The appellants objected to the commission of five per cent. on $ 8861·02, as excessive, and more than a just compensation for the service rendered.

*E. Blake*, for the appellants.

*Dexter*, for the appellees.

SHAW, C. J. This was an appeal from a decree of the judge of probate, allowing the account of the appellees, as trustees for Mrs. Dixon, under the will of Benjamin P. Homer, deceased. The trustees were not the executors of the will

One of them, Homer, was an executor, who afterwards resigned that trust ; but Russell, the other trustee, was not appointed an executor.

The only question is upon the compensation allowed by the probate court to the trustees. The items claimed were a commission on the whole amount of the personal estate, embraced in the inventory returned, and since received, at $2\frac{1}{2}$ per cent. — $ 1628·65; and for their commission on income collected, at 5 per cent. — $ 443·05.

This claim for commission was put on two grounds : 1. That it was allowed by the will : 2. If not allowed by the will, it was a customary allowance.

In reference to the clause in the will referred to, we are satisfied that it does not apply to the case. It was in terms confined to the case of compensation to the executors, and was declared to be in lieu of the compensation to executors provided for by the revised statutes, which were in force when the will was made. Nor is there much analogy between the case of a trustee and that of an executor. The great duty of an executor or administrator is to collect the assets of the estate, and make distribution of the same. In doing this, he receives the money once, and disburses it once ; and his compensation is not fixed until he settles his account of such receipts and disbursements, as far as they have been actually made. It is, then, a compensation for services actually done.

The case of a trustee is more analogous to that of a guardian. He takes the property, to preserve, manage, invest, reinvest, and take the income of it, perhaps for a short period, perhaps for a long course of years, depending on various contingencies. It may happen that the trust will terminate in a few days, by the death of the trustee, or his resignation or removal, before any beneficial service is performed. We think, therefore, that no allowance can justly be made, by way of commission, on assuming the trust. An allowance of a reasonable commission on net income from real and personal estate — income received and accounted for — appears to be a suitable and proper mode of compensating trustees for the execution of their trusts. Whether any allowance shall be made, in addition to a reasona-

ble commission, for extra services, at the determination of the trust and settlement of the account, or whenever accounts are settled during the continuance of the trust, must depend on the circumstances of each case, as they may then exist.

In applying these rules to the present case, the opinion of the court is, that the decree, so far as it allowed $ 1628·65, be reversed, and so far as it allowed the commission of $ 443·05, for income collected, that it be affirmed. And the proceedings are remitted to the probate court.